Filed 9/24/24  In re A.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | C099971 |
| EL DORADO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | (Super. Ct. No. 22JD0001) |
| Plaintiff and Respondent, | |
| v. | |
| D.M., | |
| Defendant and Appellant. | |

Father of minor A.M. appeals from the juvenile court's orders terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395; undesignated statutory references are to the Welfare and Institutions Code.)  Father contends the initial inquiry under the Indian Child Welfare Act (ICWA) by the El Dorado County Health and Human Services Agency (Agency) was insufficient because the

1

Agency failed to contact known relatives to inquire whether they knew of possible Native American ancestry. (25 U.S.C. § 1901 et seq.; § 224.2.) We conditionally reverse subject to full compliance with the ICWA and related California law on remand, as described in this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2022, the then two-year-old minor was found in a parked but running vehicle with drugs and drug paraphernalia in her vicinity. Father was passed out behind the wheel while the minor's mother, who was under the influence of methamphetamine, had gone into a store. Both parents were arrested. El Dorado County Sheriff's deputies took the minor into custody, and the minor was placed in a licensed resource family-approved home. The Agency filed a dependency petition under section 300, subdivisions (b)(1), (g), and (j).

At the detention hearing, father claimed potential Native American ancestry through the minor's paternal grandmother. The court found reason to believe the minor may be an Indian child and ordered the Agency to complete further inquiry. The Agency contacted the paternal grandmother pursuant to its ICWA inquiry. Around the same time, the minor's paternal great-grandfather filed a JV-285 form with the court providing his contact information. The Agency contacted the paternal great-grandfather to schedule a walk-through of his home to assess it for placement. When the social worker arrived for the inspection, the paternal great-grandfather was not home, and the Agency did not receive any follow-up from him regarding placement. Separately, father reported to the Agency that he had two adult siblings.

The Agency sent out a "Notice of Child Custody Proceeding for Indian Child" (ICWA-030) to the Cherokee Nation, Comanche Nation, Eastern Band of Cherokee Indians, Jena Band of Choctaw Indians, Mississippi Band of Choctaw Indians, the Chickasaw Nation, the Choctaw Nation of Oklahoma, and the United Keetoowah Band of Cherokee Indians in Oklahoma. This notice included information as to the minor's

2

parents, the minor's maternal and paternal grandmothers, the minor's maternal great-grandmother and great-grandfather, and one paternal great-grandmother. The notices indicated there was "No Information available" on the minor's paternal great-grandfather.

The Cherokee Nation, Mississippi Band of Choctaw Indians, Comanche Nation, the Chickasaw Nation, and the Choctaw Nation each responded that, based on the information provided, the minor was not an Indian child as defined by ICWA as it pertained to the tribe. At the jurisdiction and disposition hearing, the juvenile court reviewed these responses and concluded that ICWA did not apply.

At the subsequent section 366.26 hearing, the juvenile court terminated parental rights. Father and mother each filed timely notices of appeal. Mother's appointed counsel filed a brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835 stating there were no arguable issues. Mother did not seek leave to file a supplemental brief and her appeal was dismissed. Father's appeal was fully briefed in this court on July 10, 2024.

DISCUSSION

The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) "Under ICWA's state analogue, the California Indian Child Welfare Act (Cal-ICWA), courts and child welfare agencies are charged with 'an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child' in dependency cases." (*In re Dezi C.* (Aug. 19, 2024, S275578) __ Cal.5th __.) "First, from the [Department]'s initial contact with a minor and his [or her] family, [section 224.2] imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the [Department] 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal

3

notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 961, 1430; *In re Dezi C.*, *supra*, __ Cal.5th __.) "[T]he juvenile court's fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*In re Dezi C.*, at p. __.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (Aug. 19, 2024, S276649) __ Cal.5th __.)

Father contends that the Agency failed to conduct an adequate initial inquiry into whether the minor has Native American heritage. He argues that section 224.2, subdivision (b) required the Agency to inquire with members of the minor's extended family. That provision states: "If a child is placed into the temporary custody of a county welfare department pursuant to Section 306 or county probation department pursuant to Section 307, the county welfare department or county probation department has a duty to inquire whether that child is an Indian child. Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled."

4

The Agency responds that section 224.2, subdivision (b) does not apply in this case because the minor was removed pursuant to a protective custody warrant. This argument is unavailing for two reasons. First, nothing in the record supports the Agency's assertion that the minor was removed pursuant to a protective custody warrant. Rather, the record discloses the minor was taken into temporary custody following her parents' arrest in January 2022. Second, in *In re C.L.* (2023) 96 Cal.App.5th 377, this court construed section 224.2, subdivision (b) to require child welfare agencies to contact extended family members in cases where the minor was detained via protective custody warrant. (*Id*. at p. 386; see also *In re Delila D.* (2023) 93 Cal.App.5th 953, 972-973 [holding that the child welfare agency's duty of inquiry under § 224.2, subd. (b) is the same regardless of how the minor was removed from the home].) Thus, even if the minor had been removed pursuant to a protective custody warrant, the Agency would still be required to inquire with extended family members and others who have an interest in the child.

Given that section 224.2, subdivision (b) applies, we agree with father that the Agency did not discharge its duty of initial inquiry under that provision. The record does not disclose that the Agency inquired with any relatives other than the paternal grandmother identified by father—even though the Agency had been in contact with the paternal great-grandfather regarding the minor's placement and even though the Agency knew of father's two siblings. Therefore, the Agency either did not take sufficient affirmative steps to inquire of reasonably available relatives or did not document its efforts to do so. The ICWA notices sent to the tribes were thus incomplete as they lacked potentially relevant information about known family members, including the indication that there was "No Information available" for the minor's paternal great-grandfather with whom the Agency had actual contact. Moreover, had the initial inquiry included contact with extended family members, the Agency may have learned of additional tribes that should be noticed.

As our Supreme Court recently explained, an initial inquiry may not be inadequate "in all cases in which every possible extended family member has not been asked about the child's Indian ancestry." (*In re Dezi C.*, *supra*, __ Cal.5th __.) Rather, " '[t]he operative concept is those people who are reasonably available to help the agency with its investigation into whether the child has any potential Indian ancestry should be asked.' " (*In re Dezi C.*, at p. __.) That did not occur here. Thus, on this record, we conclude the Agency's inquiry was inadequate.

"When a Cal-ICWA inquiry is inadequate, it is impossible to ascertain whether the agency's error is prejudicial" because until " 'an agency conducts a proper initial inquiry and makes that information known, it is impossible to know what the inquiry might reveal.' " (*In re Dezi C.*, *supra*, __ Cal.5th __.) As such, "an inadequate initial Cal-ICWA inquiry requires conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with [California Rules of Court,] rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3." (*In re Dezi C.*, at p. __.) "Upon a conditional reversal, the [Agency] will make additional inquiry and documentation efforts consistent with its duties and the court shall hold a hearing thereafter to determine whether, in light of the outcome of the inquiry as documented, ICWA applies. If the juvenile court determines the inquiry is proper, adequate, and duly diligent and concludes that ICWA does not apply, any inquiry error is cured, and the judgment would be reinstated. [Citation.] In contrast, if the inquiry reveals a reason to know the dependent child is an Indian child, the tribe has been notified [citations], and the tribe determines the child is a member or citizen, or eligible for membership or citizenship, of an Indian tribe [citations], ICWA applies, and the judgment must be reversed." (*In re Dezi C.*, at p. __.) Accordingly, we conditionally reverse and remand the case to the juvenile court for further proceedings.

## DISPOSITION

The orders terminating parental rights are conditionally reversed and the matter is remanded for the limited purpose of complying with the inquiry and notice provisions of the ICWA.  If the juvenile court thereafter finds a proper and adequate further inquiry and due diligence has been conducted and concludes the ICWA does not apply, the orders shall be reinstated.  If, however, the juvenile court concludes the ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with the ICWA and California implementing provisions, including considering any petition filed to invalidate prior orders.  (25 U.S.C. § 1914; § 224, subd. (e).)


  /s/                          
Mesiwala, J.


We concur:


  /s/                          
Earl, P. J.


  /s/                          
Mauro, J.

7